UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NINA RENEE DUNN, | Case No. 2:18-cv-01128-RFB-CWH |
| Petitioner, | ORDER |
| v. | |
| D.W. NEVENS, *et al.*, | |
| Respondents. | |

Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a complete pauper application. LSR 1-1 & 1-2. In addition, petitioner has not filed her petition on this court's form for § 2254 petitions, as required. LSR 3-1. Further, it is not apparent that petitioner has exhausted her claims in the state courts.[1]

It does not appear that a dismissal without prejudice would materially impact the application of the limitation period in a promptly filed new action or otherwise cause substantial

---

[1] Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

prejudice.[2] Accordingly, this improperly commenced and possibly unexhausted action will be dismissed without prejudice.

IT IS THEREFORE ORDERED that this action shall be dismissed without prejudice. Petitioner shall file any new petition, and either pay the filing or fee or submit a complete pauper application, in a new action only, and shall not file any more documents in this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of the action without prejudice on procedural grounds, for the reasons discussed herein.

IT IS FURTHER ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of Court shall send petitioner a copy of his papers in this action, along with two copies each of the forms and instructions for an inmate pauper application and § 2254 habeas petition.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

IT IS SO ORDERED.

DATED this 27th day of June, 2018.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is challenging the Nevada Department of Corrections' failure to apply statutory good time credits to her minimum sentence for purposes of calculating her date of eligibility for parole.

2